# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**GABRIEL LOPER,**

    **Plaintiff,**

vs.                                                       Case No. 1:24cv51-MW-MAF

**JOVANI VALENCIA,**
**PATRICK HELTON,**
**and DEAN WATSON,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This case challenges the actions of three deputies who were involved in a traffic stop in Gilchrist County, Florida, on March 16, 2020. The operative pleading is the pro se Plaintiff's fourth amended complaint, ECF No. 14. Defendants Helton and Valencia have filed a motion to dismiss Plaintiff's fourth amended complaint [hereinafter "complaint"]. ECF No. 28. Plaintiff has filed an amended response to that motion, ECF No. 34, and ruling on the motion to dismiss is now appropriate.

**Procedural Issue**

Service was returned unexecuted for Defendant Watson on January 17, 2025. ECF No. 25-2 at 3. The summons stated only that Watson was "no longer employed at Gilchrist Co. Sheriff's Office." *Id.* A second unexecuted summons was filed, "confirm[ing] that Watson [was] no longer employed by the Gilchrist County Sheriff's Office." ECF No. 26 at 1. That service return added: "No further information about any possible new employment was able to be ascertained." *Id.*

An Order was entered on January 21st, advising Plaintiff that the Court could not provide further assistance in serving Defendant Watson. ECF No. 27 at 3. Plaintiff was directed to "alert the Court if he [was] able to determine the current location of that Defendant, or another location where the Defendant [was] employed" such that "service of process could be redirected there." *Id.*

On February 26, 2025, Plaintiff filed a notice of address for Defendant Dean Watson, ECF No. 33, and requested that service of process once again be directed. Ruling on that request has been deferred pending a ruling on the motion to dismiss, ECF No. 28. It now appears that the motion should be denied as explained below.

**Allegations of the Complaint**

Plaintiff said that Defendant Valencia stopped him for speeding on March 16, 2020, at approximately 4:10 p.m. ECF No. 14 at 5. Plaintiff disputes that he was speeding. *Id.* at 6. Defendant Valencia asked Plaintiff for his drivers license, registration, and proof of insurance, and while Plaintiff was gathering the documents, Valencia asked Plaintiff if any weapons were in the truck. *Id.* at 6. Plaintiff said there was a pistol under the seat, but that "it shouldn't be loaded." *Id.* Valencia had Plaintiff exit the truck and Plaintiff gave permission for Valencia to retrieve the pistol. *Id.*

A few minutes later, Defendant Helton arrived and spoke briefly with Valencia. *Id.* Helton then asked Plaintiff for permission to search the vehicle (a truck), and Plaintiff "said sure."[1] *Id.* Ultimately, Plaintiff alleged he was arrested by Defendant Watson[2] who arrived on scene after Plaintiff's truck was searched. *Id.* at 6. Plaintiff was charged with "concealed carry" in violation of FLA. STAT. § 790.01, although he contends

---

[1] The probable cause narrative which was attached to the complaint shows that Defendant Helton "provided scene security" while Defendant Valencia searched the truck. ECF No. 14 at 26.

[2] The probable cause narrative shows Defendant Helton read a Miranda Warning to Plaintiff and also transported him to the Sheriff's Office, ECF No. 14 at 26.

he was in "lawful possession" of the firearm. *Id.* at 6-7. He was taken to the Gilchrist County Jail where he remained until the next morning. *Id.* at 6. On March 17, 2020, a state court judge set bond and Plaintiff "bonded out of jail" later that day. *Id.*

On May 28, 2020, the State of Florida dropped the charges against Plaintiff. *Id.* at 7.[3] The traffic citation which "initiated the traffic stop was also dismissed."[4] *Id.*

Plaintiff alleged that his Second, Fourth, Fifth, and Fourteenth Amendment rights were violated. *Id.* at 8-10. He claimed Defendants unlawfully seized and detained him because he was not speeding, then prolonged the stop beyond the time required to "complete his traffic based mission." *Id.* Further, because Plaintiff contends he lawfully possessed the firearm, he asserts claims for "false charge/report" and malicious

---

[3] Plaintiff attached the "no information" which was filed in that case, advising that all charges were dismissed due to "insufficient evidence to sustain a conviction." ECF No. 14 at 13. Although the complaint did not allege that Plaintiff face other charges beyond the concealed firearm, a document attached to the complaint shows Plaintiff was also charged with possession of marijuana, possession of paraphernalia, and possession of drugs without a prescription. *Id.* at 23. The attachments indicate the firearm was loaded. *Id.* at 25.

[4] Plaintiff also attached the dismissal of the traffic citation which charged Plaintiff with driving 52 mph in a 45 mph zone. *Id.* at 14-15. The citation was dismissed on June 10, 2020. *Id.* at 15.

Case No. 1:24cv51-MW-MAF

prosecution. *Id.* at 8. Plaintiff claims he was subjected to discrimination and the violation of his Second Amendment rights because he was deprived of his gun without due process. *Id.* As relief, he seeks compensatory and punitive damages. *Id.*

**Motion to Dismiss**

Defendants argue that Plaintiff's claims are time barred by the statute of limitations applicable to § 1983 claims. ECF No. 28 at 4. Additionally, they say Plaintiff's malicious prosecution claim should be dismissed for failure to state a claim. *Id.* at 7. Furthermore, Defendants state that in the event this Court determines that Plaintiff has asserted a claim "not conclusively addressed herein, Defendants respectfully contend that the associated allegations were not so clear as to place the Defendants on notice of that claim, and it should be dismissed on that basis." *Id.* at 11.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[5]  The allegations of a complaint must do more than assert the elements of a cause of action, because conclusory statements unsupported by facts are not enough.  Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (cited in Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than

---

[5] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

      One additional principle must be highlighted - in deciding whether a complaint states a claim upon which relief may be granted, courts may "consider all documents that are attached to the complaint or incorporated into it by reference." Gill as Next Friend of K.C.R., 941 F.3d at 511. "The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' Fed. R. Civ. P. 10(c), including for ruling on a motion to dismiss." See Gill, 941 F.3d at 511 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that a "court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss ....") (other citations omitted)). Additionally, "if the allegations of the complaint about a particular exhibit conflict with the

contents of the exhibit itself, the exhibit controls." Hoefling, 811 F.3d at 1277; Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

In general, attaching exhibits to a complaint "usually benefits the plaintiff, but not always." 941 F.3d at 511. A 'litigant may be defeated by his own evidence, the pleader by his own exhibits' when 'he has pleaded too much and has refuted his own allegations by setting forth the evidence relied on to sustain them.'" Turner v. Williams, 65 F.4th 564, 584. n.27 (11th Cir. 2023) (quoting Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940)).

**Analysis**

**A.    Statute of Limitations**

Defendants contend that because the statute of limitations for a § 1983 claim is four years, this case is barred. ECF No. 28 at 4. Plaintiff argues that the claims are not barred because of newly discovered evidence on May 16, 2024, which "supports the application of equitable tolling." ECF No. 34 at 2. Further, he contends that his "malicious prosecution claim did not accrue until all charges were dropped . . . ." *Id.*

Although § 1983 is a federal cause of action, a federal court must "look to the law of the state in which the cause of action arose to determine

the length of the statute of limitations." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (cited in Tillman v. Orange Cnty., Fla., 519 F. App'x 632, 635 (11th Cir. 2013)).  The parties do not dispute that a § 1983 claim brought in a federal district court in Florida must be brought within four years of when the cause of action accrues." McGroarty v. Swearingen, 977 F.3d 1302, 1307 (11th Cir. 2020); *see also* Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (cited in Brown v. City of Miami, 386 F. App'x 861, 862 (11th Cir. 2010)).

"However, the accrual date of a § 1983 claim, from which the statute of limitations begins to run, is determined by federal law." Tillman, 519 F. App'x at 635 (citing to Wallace, 549 U.S. at 388, 127 S.Ct. 1091). "Section 1983 accrual occurs when the plaintiff has a 'complete and present cause of action' and can thus 'file suit and obtain relief.'"  See Tillman, 519 F. App'x at 635 (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997) (quotation omitted)).  It is well established that "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817

F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted) (quoted in McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008)).

Case law holds that a Fourth Amendment injury occurs at the time of the seizure, not on some later date. *See, e.g.,* Sanders v. Beck, No. 1:17-CV-270-MW-GRJ, 2018 WL 4326860, at *3 (N.D. Fla. Aug. 23, 2018), report and recommendation adopted, No. 1:17CV270-MW/GRJ, 2018 WL 4326812 (N.D. Fla. Sept. 10, 2018) ("Plaintiff also knew of or had reason to know he was illegally searched and his property illegally seized from his person when those searches and seizures occurred in 2012. This is so because, according to Plaintiff, there was no probable cause or reason to search him or take his property."); Hayward v. Lee Cty. Sheriff's Office, No. 2:14–cv–244–FtM–29MRM, 2017 WL 2834771, at *3 (M.D. Fla. June 30, 2017) ("[T]he injury occurred when the alleged illegal search and seizure occurred, which was on February 13, 2009"); .Frederick v. Bondi, No. 6:18-cv-694-Orl-31GJK, 2018 WL 3105460, at *2 (M.D. Fla. June 25, 2018) ("[A] claim for an illegal search accrues on the date the search was conducted."); Jones v. Mathis, No. 5:17-CV-183-MCR-GRJ, 2018 WL 6313477, at *2 (N.D. Fla. Nov. 2, 2018), report and recommendation adopted, No. 5:17-CV-183-MCR-GRJ, 2018 WL 6305667 (N.D. Fla. Dec. 3,

Case No. 1:24cv51-MW-MAF

2018) (holding the plaintiff's "injury occurred when his property was seized and not when he learned that the affidavits were allegedly defective"); *see also* Lyons v. Maddox, No. 1:19-CV-276-ECM-SMD, 2021 WL 5278739, at *3 (M.D. Ala. Apr. 2, 2021), report and recommendation adopted, No. 1:19-CV-276-ECM, 2021 WL 3932039 (M.D. Ala. Sept. 2, 2021), *aff'd sub nom.* Lyons v. City of Abbeville, Alabama, No. 21-13610, 2022 WL 3703821 (11th Cir. Aug. 26, 2022).

The incident at issue in this case occurred on March 16, 2020, the date of the traffic stop. The complaint's allegations, which must be accepted as true, make clear that Plaintiff knew of his injury at the time of the because Plaintiff said he was not speeding. Plaintiff alleged that he told Defendant Valencia at the time of the stop that the speed limit was 60, but "Valencia said no its 45." ECF No. 14 at 6. Thus, the complaint makes clear that Plaintiff knew of his injury at the time of the traffic stop on March 16, 2020. Because this case was not initiated until March 20, 2024, ECF No. 1, the claims concerning the stop and seizure are barred by the statute of limitations.

Plaintiff raised another claim which is somewhat vague. He asserts a claim for "false charge/report" based on Defendant Valencia's charging him

with "concealed carry."  ECF No. 14 at 8.  It is unclear whether or not Plaintiff is seeking to raise a claim for false arrest, but construing the complaint liberally, it will be assumed that Plaintiff did so.

A false arrest claim accrues when the plaintiff is held pursuant to legal process.  <u>Wallace</u>, 549 U.S. at 388–89, 127 S. Ct. 1091; <u>Williams v. Aguirre</u>, 965 F.3d 1147, 1158 (11th Cir. 2020) (Fourth Amendment false arrest "claims accrue when either the seizure ends or the plaintiff is held pursuant to legal process"); <u>Salmon v. Jones</u>, 787 F. App'x 639, 641 (11th Cir. 2019) ("the statute of limitations on a § 1983 claim seeking damages for a false arrest . . . where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process"); <u>White v. Hiers</u>, 652 F. App'x 784, 786 (11th Cir. 2016) (claim for false arrest accrued when magistrate judge "reviewed White's charges to fix the amount of his bond and he was released on bail"); <u>McKinnon v. Doe</u>, No. CV422-262, 2023 WL 4363993, at *2 (S.D. Ga. July 6, 2023), appeal dismissed, No. 23-14203, 2024 WL 5240809 (11th Cir. June 5, 2024) (finding that § 1983 false arrest claim accrued "no later than the date when a plaintiff's detention becomes subject to legal process").

Page 13 of 19

Plaintiff alleged that on March 17, 2020, he was brought before a state court judge who set bail that same date. That is the relevant accrual date and, thus, the § 1983 claim for false arrest is barred by the statute of limitations because Plaintiff did not file this case until March 20, 2024. *See* White, 652 F. App'x at 786.

While Plaintiff contends that he obtained new evidence which "supports the application of equitable tolling," that argument should be rejected. ECF No. 34 at 2. The new evidence Plaintiff says he obtained on May 16, 2024, was the "the CAD Call History Record," which was attached to his complaint. ECF No. 14 at 18. That record shows the time certain events were logged. For example, it shows at 16:11:39 on March 16, 2020, "valid decal 54 29," which indicates that his vehicle had a valid registration. *Id.* Three minutes later, there is an entry for "additional info changed." *Id.* At 16:31:27, the report shows "1004 check." *Id.* Other notes show when the subject was "detained," when the "rotation tow" was contacted, and noting the location for storing the vehicle. *Id.* Nothing within that document has any effect on when Plaintiff had knowledge of the facts supporting a § 1983 cause of action for an unlawful stop and seizure in violation of the Fourth and Fourteenth Amendments.

Plaintiff's argument for equitable tolling should be rejected and all claims other than the malicious prosecution claim should be dismissed.

## B.  Malicious Prosecution

Plaintiff asserted a claim for malicious prosecution against Defendants Valencia and Watson in violation of his Fourth and Fourteenth Amendment rights.  ECF No. 14 at 8, 10.  The only facts alleged in support of this claim is that there was a "wrongful initiation of charges without probable cause," and that Defendant Valencia started a legal proceeding with malice" and without probable cause.[6]  Id. at 8, 10.

"A § 1983 malicious prosecution claim has two basic elements: the plaintiff must prove that (1) 'the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process' and (2) 'the criminal proceedings against [the plaintiff] terminated in his favor.'" McAffee v. City of Clearwater, No. 22-12320, 2023 WL 2823392, at *2 (11th Cir. Apr. 7, 2023) (quoting Luke v. Gulley, 50 F.4th 90, 95 (11th Cir. 2022)).  In general, there are two types of seizures pursuant to legal process that give rise to § malicious prosecution claims - "'warrant-based

---

[6] Plaintiff said that a "posted 60 MPH sign [was] clear and visible at location of stop . . . ." ECF No. 14 at 10.

Case No. 1:24cv51-MW-MAF

seizures' as well as 'seizures following an arraignment, indictment, or probable-cause hearing' qualify as seizures pursuant to legal process." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (quoted in McAffee, 2023 WL 2823392, at *2). " In contrast, a plaintiff who is subjected to a warrantless arrest but is not detained after the commencement of judicial proceedings generally does not suffer a seizure pursuant to legal process." 2023 WL 2823392, at *2 (citing to Kingsland v. City of Miami, 382 F.3d 1220, 1235 (11th Cir. 2004)).

In Kingsland, the plaintiff had been subjected to a warrantless arrest and after judicial proceedings commenced, she was required to post a bond and appear in proceedings to defend herself in court. 382 F.3d at 1235. Noting that in a "case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted," the Court concluded that those "normal conditions of pretrial release . . . did not constitute a significant deprivation of liberty" under the Fourth Amendment. 382 F.3d at 1236. Thus, without a violation of Kingsland's "Fourth Amendment right to be free from unreasonable seizures," the Court concluded she did "not have a cognizable claim for malicious prosecution." *Id.*; *see also* McAffee, 2023 WL 2823392, at *2. Here, because Plaintiff does not allege he

suffered a seizure pursuant to legal process in the ensuing state court proceedings, he has failed to state a viable malicious prosecution claim. *See* Martin v. Miami Dade Cnty., No. 23-10841, 2024 WL 1434329, at *6 (11th Cir. Apr. 3, 2024) (holding that "warrantless arrests were not seizures pursuant to legal process and cannot support their malicious prosecution claims"). Therefore, Defendants' motion to dismiss should be granted.

To the extent Plaintiff's malicious prosecution claim is based on Florida law and not federal law, it still fails. Under Florida law, Plaintiff is required to establish: "(1) there was an original judicial proceeding against the present plaintiff; (2) 'the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding'; (3) there was a bona fide termination of that proceeding in favor of the present plaintiff; (4) the original proceeding lacked probable cause; (5) malice; and (6) damages from the original proceeding." Debrincat v. Fischer, 217 So. 3d 68, 70 (Fla. 2017) (quoted in Nassar v. Nassar, No. 22-11664, 2023 WL 4480354, at *2 (11th Cir. July 12, 2023)). The problem for Plaintiff is that conclusory allegations unsupported by facts are not enough to state a claim. The complaint does not contain any allegations to show "malice," and Plaintiff's conclusory

assertion that Defendant Valencia "started a legal proceeding - malice" is a partial statement of the elements of the claim; it is not a statement of facts. Considering that Plaintiff's facts do not demonstrate malice, the state law claim - if one was even alleged - is insufficient.  *See* Mazak v. Elias, No. 522CV00219WFJPRL, 2023 WL 7299833, at *3 (M.D. Fla. Nov. 6, 2023) (finding that conclusory allegations were insufficient to support a malicious prosecution claim).

**C.    Defendant Watson**

As explained above, the only claim not barred by the statute of limitations is the malicious prosecution claim.  However, the only allegation included in the complaint as to Defendant Watson's involvement in Plaintiff's arrest was that he arrived after the vehicle was searched, and asked Plaintiff "where the gun came from."  ECF No. 14 at 6.  Plaintiff said his "Dad got it for" him, and Defendant Watson asked if Plaintiff's dad knew it was in his truck.  *Id.*  Plaintiff said he "didn't know."  *Id.*  The complaint lacks any factual allegations to show Defendant Watson was involved in initiating judicial proceedings against the Plaintiff.

Furthermore, Plaintiff attached the "offense report" and probable cause narrative to the complaint which confirms that Defendant Watson

"arrived on scene to inventory the vehicle," complete a "tow sheet" and wait on the tow truck. *Id.* at 25-26. Defendant had no involvement in filing charges against the Plaintiff. Therefore, there is no reason to direct service of process against Defendant Watson and the complaint should be dismissed as to Defendant Watson as well.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 28, be **GRANTED** and Plaintiff's amended complaint, ECF No. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted and because the claims are barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2025.

        S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.