# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**GABRIEL LOPER,**

    *Plaintiff*,

v.                                                    Case No.: 1:24cv51-MW/MAF

**JOVANI VALENCIA, et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 35, and has also reviewed *de novo* Plaintiff's objections, ECF No. 36. This Court concludes that Plaintiff's objections do not change anything with respect to whether Plaintiff's claims are due to be dismissed. However, two points deserve comment.

First, Plaintiff contends his time-barred claims are subject to equitable tolling because he did not receive the CAD notes for his case until May 16, 2024. But the allegations on the face of Plaintiff's operative complaint demonstrate that he was aware his rights were allegedly violated on the date of his arrest, and he was aware of who allegedly violated his rights at that time, and thus, the time-barred claims accrued at the time of arrest.

Moreover, although Plaintiff asserts he was not provided CAD notes in discovery while his criminal charges were still pending and that the CAD notes were subject to destruction upon his charges being dropped in May 2020, the CAD notes apparently were not destroyed. To the extent Plaintiff is attempting to argue that fraudulent concealment of the CAD notes tolls the statute of limitations, his allegations fall short. "Generally, two elements are required before the equitable principle of fraudulent concealment will be utilized to toll the statute of limitations." *West Brook Isles Partner's 1, LLC v. Com. Land Title Ins. Co.*, 163 So.3d 635, 639 (Fla. 2d DCA 2015). Namely, a "plaintiff must show both successful concealment of the cause of action and fraudulent means to achieve that concealment." *Id.* (citation and quotation marks omitted). Here, Plaintiff has not included any allegations that any Defendant fraudulently concealed any cause of action such that it tolls the statute of limitations barring the challenged claims. Likewise, Plaintiff has not alleged any facts concerning efforts on *his* part to obtain the CAD notes outside of discovery in his underlying criminal case—from May 28, 2020, until the statute of limitations expired in March of 2024.

As for Plaintiff's malicious prosecution claim against Defendant Valencia, Plaintiff contends his factual allegations regarding malice are not conclusory because he cited "Jon Gutmacher, Esq. and the Florida House Floor Debate of March 23, 1982," as evidence supporting his lawful possession of a firearm. ECF No. 36 at

4. But these citations are of no moment with respect to whether Plaintiff has sufficiently alleged facts demonstrating that Defendant Valencia acted with malice. Instead, Plaintiff has attached a printout from a lawyer's website apparently excerpting portions of the floor debate concerning statutory language allowing adults who lawfully possess a handgun or other weapon to possess that weapon in their private conveyance so long as it is "securely encased or otherwise not readily accessible for immediate use." *See* § 790.25(4)(a), Fla. Stat. This printout offers no factual allegations to supplement the conclusory and incomplete statement in Plaintiff's Fourth Amended Complaint regarding his malicious prosecution claim against Defendant Valencia —"Malicious Prosecution- started a legal proceeding- malice- w/o probable cause-plaintiff was harmed." ECF No. 14 at 8.

   Accordingly,

   **IT IS ORDERED**:

The report and recommendation, ECF No. 35, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Defendants' motion to dismiss, ECF No. 28, is **GRANTED**. Plaintiff's fourth amended complaint, ECF No. 14, is **DISMISSED** for failure to state a claim upon which relief may be granted and because the claims are barred by the statute of limitations. The Clerk shall close the

file.

    **SO ORDERED on June 6, 2025.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
